IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

**HOLLY PILEWICZ,**

Plaintiff,

v. Civil Action No. __________

**TROUSDALE COUNTY, TENNESSEE;**
**MATTHEW CHANEY WRIGHT, individually;**
**RAY RUSSELL, individually;** and
**WAYLAND COTHRON, individually,**

Defendants.

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff Holly Pilewicz, by and through counsel, brings this action against Defendants Trousdale County, Tennessee (the "County"); Matthew Chaney Wright ("Wright"); Ray Russell ("Sheriff Russell"); and Wayland Cothron ("Chief Deputy Cothron"), and alleges as follows:

**Nature of Action**

1. This action arises from a sexual and physical assault allegedly committed by Wright, a Captain with the Trousdale County Sheriff's Department, against Plaintiff, a County employee working in the Sheriff's Department.

2. Plaintiff seeks damages and other relief for: (a) deprivation of Plaintiff's Fourteenth Amendment rights to bodily integrity and equal protection, actionable under 42 U.S.C. § 1983, including individual-capacity deliberate-indifference and knowing-acquiescence claims against Sheriff Russell and Chief Deputy Cothron, and a municipal-liability claim against the County under Monell v. Department of

Social Services; and (b) Tennessee common-law assault, battery, and intentional infliction of emotional distress.

## Jurisdiction and Venue

3. This Court has federal-question jurisdiction under 28 U.S.C. § 1331 because Counts I - IV arise under federal law, and jurisdiction under 28 U.S.C. § 1343(a)(3)–(4) because Counts V-VI seek to redress the deprivation, under color of state law, of rights secured by the United States Constitution.

4. This Court has supplemental jurisdiction over the state-law claims in Counts II, VII, and VIII under 28 U.S.C. § 1367(a) because those claims form part of the same case or controversy as the federal claims.

5. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in Trousdale County, Tennessee, which lies within this District.

## Parties

6. Plaintiff Holly Pilewicz is an adult resident of Tennessee. At all relevant times, she was employed by the County and worked at the Trousdale County Sheriff's Department.

7. Defendant Trousdale County, Tennessee is a political subdivision of the State of Tennessee and employed Plaintiff at all relevant times.

8. Defendant Matthew Chaney Wright is an adult resident of Tennessee. At all relevant times, he was employed by the County as a Captain with the Trousdale County Sheriff's Department. Plaintiff sues Wright in his individual capacity only.

9. Defendant Ray Russell is an adult resident of Tennessee and, at all relevant times, serves as Sheriff of Trousdale County. Sheriff Russell had final policymaking authority for the County with respect to the Sheriff's Department's personnel retention, discipline, workplace duties, investigation of employee misconduct, and access to Department employees. Plaintiff sues Sheriff Russell in his individual capacity only.

10. Defendant Wayland Cothron is an adult resident of Tennessee and, at all relevant times, serves as Chief Deputy of the Trousdale County Sheriff's Department. Chief Deputy Cothron exercised supervisory authority over Wright and had authority to report, investigate, discipline, recommend discipline of, and/or restrict Wright's access to Sheriff's Department employees. Cothron exercised delegated final policymaking authority on these matters and/or his decisions were subject to and ratified by Sheriff Russell. Plaintiff sues Chief Deputy Cothron in his individual capacity only.

## Factual Allegations

11. During the workweek of September 1–5, 2025, Wright made repeated sexually explicit comments to Plaintiff. He repeatedly requested Plaintiff's Snapchat information and repeatedly asked to touch her breasts.

12. Plaintiff unequivocally rejected Wright's advances and told him "No" multiple times.

13. During the workweek of September 8–12, 2025, Wright continued the sexual comments and repeatedly attempted to touch Plaintiff's chest. On multiple occasions, he purported to brush something off Plaintiff's shirt while attempting to touch her chest.

14. Plaintiff told Wright to stop touching her, pushed his hands away, struck his hands away, told him "No," and repeatedly told him to leave her alone.

15. On September 12, 2025, shortly after 12:30 p.m., Plaintiff was alone in her office at the Sheriff's Department. Plaintiff was seated at her desk with her back to the door. Wright entered Plaintiff's office behind her without her knowledge.

16. Wright put his hands under Plaintiff's shirt. When Plaintiff grabbed his hands to stop him, Wright allegedly gripped Plaintiff's throat with his left hand, choked her, pulled her head back into his body, and impaired her ability to breathe. While continuing to hold Plaintiff's throat, Wright put his right hand under Plaintiff's shirt and bra and touched her breast area. Wright whispered, "Stop fighting and I'll be easy."

17. A few seconds later, Wright released Plaintiff and walked out of her office. At 12:38 p.m. that day, Wright texted Plaintiff, "That's our new routine." Plaintiff replied, "No it's not." Wright responded, "Choke your ass then."

18. On September 13, 2025, Wright texted Plaintiff again. Plaintiff immediately blocked him from her phone and blocked his access to her social-media account after observing that he had viewed it.

19. On September 15, 2025, Plaintiff reported Wright's conduct to Chief Deputy Waylon Cothron. Cothron then convened a meeting attended by Plaintiff and Wright. In the meeting, Cothron told Wright, among other things, that he knew Wright had done it, because he "knew him" and cautioned Wright not to speak because he would incriminate himself. Plaintiff again told Wright that he would not touch her anymore. Wright responded, "OK."

20. After two days passed without an investigation or other responsive action communicated to Plaintiff, Plaintiff made a written formal complaint to Amy Yates, the County's HR/Payroll Clerk, on September 17, 2025. Plaintiff provided the substance of the harassment and assault and later that day provided copies of the messages and social-media information.

21. In her written complaint, Plaintiff advised HR that hallway cameras should show Wright entering and exiting Plaintiff's office, although there were no cameras in the office. Plaintiff also reported that no other person was present at the time of the assault.

22. Yates acknowledged that this type of harassment should not be allowed in the workplace, requested information and copies of messages, and stated that she was forwarding the complaint to the County's legal counsel to determine next

steps. Yates later instructed Plaintiff to conduct future communications about the matter in writing and to report any further conduct by Wright.

23. On February 17, 2026, a Trousdale County grand jury returned an indictment against Wright arising from the September 12, 2025, incident. The indictment charges Wright with aggravated assault involving strangulation, official misconduct, and sexual battery. The criminal allegations remain allegations, and this civil action does not depend upon the disposition of the criminal case.

24. Wright's alleged conduct was unwelcome, because of Plaintiff's sex, severe and physically threatening, and objectively abusive. It altered the terms and conditions of Plaintiff's employment and caused Plaintiff harm, including physical injury, emotional distress, mental anguish, and other damages to be proven at trial.

25. At all relevant times, Wright used his position, access, and authority as a County Captain and Plaintiff's workplace superior to commit the acts alleged above. His actions were taken under color of state law. Wright was in Plaintiff's direct supervisory chain and had exact authority over Plaintiff. At all times material to the facts contained in this complaint, Wright was on duty, in uniform, armed and had access to the premises that is the Trousdale County Sheriff's Office.

26. Before Wright's conduct against Plaintiff, Sheriff Russell and Chief Deputy Cothron had actual knowledge of Wright's prior sexually inappropriate conduct toward other employees of the Trousdale County Sheriff's Department. The prior

conduct was of a nature that made further sex-based harassment and assault of Sheriff's Department employees a known and foreseeable risk.[1]

27. Despite this knowledge, Sheriff Russell and Chief Deputy Cothron retained Wright in his employment and position as Captain, failed to take reasonable steps to investigate, discipline, supervise, restrict, or remove him from workplace access to potential victims, and thereby knowingly acquiesced in and were deliberately indifferent to the known risk that Wright would violate the constitutional rights of Sheriff's Department employees, including Plaintiff.

28. When Plaintiff reported the September 12, 2025, conduct, Chief Deputy Cothron convened the September 15 meeting with Plaintiff and Wright. Rather than investigate Plaintiff's report or protect her from Wright, Cothron admonished Wright that he was not going to ask whether Wright did it because he knew him and cautioned Wright not to speak because he would incriminate himself. This response further reflects Cothron's knowledge and knowing acquiescence.

29. The acts and omissions of Sheriff Russell and Chief Deputy Cothron were affirmatively linked to Plaintiff's injuries because their decision to retain Wright and allow his continuing access to Plaintiff and other employees despite known prior sexual misconduct created or perpetuated the foreseeable risk that materialized in the assault alleged here.

---

[1] Captain Wright had previously engaged in a sexual relationship with a dispatcher that was employed by Trousdale County Sheriff's Department resulting in the resignation of Tabitha Swaffer. Wright also had engaged in a sexual relationship with the wife of the County Physician, Charlie Carey, which was the subject of their divorce. Wright also engaged in a sexual relationship with another dispatcher named Lori Pittman, that resulted in her resignation.

30. Sheriff Russell was the County's final policymaker regarding personnel retention, discipline, supervision, and investigation of employee misconduct in the Sheriff's Department. Chief Deputy Cothron exercised delegated final policymaking authority concerning Wright's retention and workplace access and/or Sheriff Russell ratified Cothron's decisions and omissions.

31. Through the deliberate decisions to retain Wright, not to investigate or impose meaningful discipline or restrictions despite known prior sexual misconduct, and to permit his continued access to Sheriff's Department employees, Sheriff Russell and Chief Deputy Cothron established and maintained a County custom, edict, policy, and practice of deliberate indifference to the constitutional rights of employees exposed to Wright.

32. This County policy, custom, edict, and practice was the moving force behind the violations of Plaintiff's Fourteenth Amendment rights alleged in Counts III and IV.

33. Plaintiff incorporates by reference Paragraphs 1–32.

**Count I — 42 U.S.C. § 1983: Fourteenth Amendment Substantive Due Process / Bodily Integrity**

**Against Wright in His Individual Capacity**

34. Plaintiff incorporates by reference Paragraphs 33.

35. Plaintiff had a clearly established Fourteenth Amendment right to personal security and bodily integrity, including the right to be free from sexual assault and unjustified physical force by a state actor acting under color of state law.

36. Wright, acting under color of state law, intentionally subjected Plaintiff to the conduct alleged above, including unwanted sexual touching and strangulation or attempted strangulation, without Plaintiff's consent and without any legitimate governmental purpose.

37. Wright's conduct, under color of state law, was an egregious abuse of governmental authority that violated Plaintiff's right to bodily integrity and substantive due process under the Fourteenth Amendment.

38. As a direct and proximate result of Wright's conduct, Plaintiff suffered physical injuries, pain and suffering, emotional distress, mental anguish, and other damages to be proven at trial.

39. Wright acted under color of state law, intentionally, maliciously, recklessly, and with callous or reckless indifference to Plaintiff's federally protected rights. Plaintiff is entitled to compensatory damages, punitive damages, costs, reasonable attorney's fees under 42 U.S.C. § 1988, and other appropriate relief.

## Count II — 42 U.S.C. § 1983: Fourteenth Amendment Equal Protection / Sex Discrimination

**Against Wright in His Individual Capacity**

40. Plaintiff incorporates by reference Paragraphs 1–32.

41. The Equal Protection Clause of the Fourteenth Amendment protects public employees from intentional sex discrimination by state actors.

42. Wright, under color of state law, intentionally subjected Plaintiff to harassment, unwanted sexual touching, and physical assault because of Plaintiff's sex.

43. Wright's intentional sex-based conduct, under color of state law, denied Plaintiff the equal protection of the laws and caused the injuries and damages alleged above.

44. Wright acted, under color of state law, intentionally, maliciously, recklessly, and with callous or reckless indifference to Plaintiff's federally protected rights. Plaintiff is entitled to compensatory damages, punitive damages, costs, reasonable attorney's fees under 42 U.S.C. § 1988, and other appropriate relief.

**Count III — 42 U.S.C. § 1983: Supervisory Deliberate Indifference / Knowing Acquiescence**

**Against Sheriff Russell and Chief Deputy Cothron in Their Individual Capacities**

45. Plaintiff incorporates by reference Paragraphs 1–32.

46. Plaintiff's rights to bodily integrity and equal protection, as alleged in Counts I and II, were clearly established at all relevant times.

47. Sheriff Russell and Chief Deputy Cothron had actual knowledge that Wright previously engaged in sexually inappropriate conduct toward Sheriff's Department employees and that Wright presented a known and foreseeable risk of further sex-based harassment and assault.

48. Despite that knowledge and their supervisory authority, Sheriff Russell and Chief Deputy Cothron retained Wright in employment and in a position that gave

him access and authority in the workplace. They failed to investigate, discipline, remove, monitor, or meaningfully restrict Wright's workplace access. Their conduct constituted deliberate indifference to Plaintiff's clearly established constitutional rights and knowingly acquiesced in the conduct that injured Plaintiff.

49. Chief Deputy Cothron's response to Plaintiff's September 15, 2025, report—including his statement that he knew Wright and his warning that Wright should remain silent because he would incriminate himself—further evidences Cothron's knowledge and knowing acquiescence.

50. The conduct of Sheriff Russell and Chief Deputy Cothron was a direct and proximate cause of the constitutional violations and injuries Plaintiff suffered.

51. Sheriff Russell and Chief Deputy Cothron acted with deliberate indifference and reckless or callous disregard for Plaintiff's federally protected rights. Plaintiff seeks compensatory damages, punitive damages, costs, reasonable attorney's fees under 42 U.S.C. § 1988, and other appropriate relief.

**Count IV — 42 U.S.C. § 1983: Municipal Liability Under Monell**

**Against Trousdale County, Tennessee**

52. Plaintiff incorporates by reference Paragraphs 1–32.

53. The County is a "person" for purposes of 42 U.S.C. § 1983.

54. Sheriff Russell possessed final policymaking authority for the County over the Sheriff's Department's retention, discipline, supervision, investigation, and workplace-access decisions. Chief Deputy Cothron exercised delegated final

policymaking authority in these areas and/or his decisions and omissions were ratified by Sheriff Russell.

55. With actual knowledge of Wright's prior sexually inappropriate conduct toward Sheriff's Department employees, Sheriff Russell and Chief Deputy Cothron made a deliberate choice to retain Wright as a Captain, leave him with continuing workplace access and authority, and decline to investigate, discipline, supervise, or meaningfully restrict him.

56. Those deliberate choices constituted County policy and, alternatively, established a widespread and persistent County custom, edict, and practice of tolerating Wright's sexual misconduct and disregarding the known and foreseeable risk of constitutional injury to Sheriff's Department employees.

57. The County's policy, custom, edict, and practice exhibited deliberate indifference to Plaintiff's clearly established rights to bodily integrity and equal protection. The policy, custom, edict, and practice were the moving force and direct cause of the constitutional violations and injuries Plaintiff suffered.

58. As a direct and proximate result of the County's actions and omissions, Plaintiff suffered physical injuries, pain and suffering, emotional distress, mental anguish, and other damages to be proven at trial. Plaintiff seeks compensatory damages, declaratory and injunctive relief as appropriate, costs, reasonable attorney's fees under 42 U.S.C. § 1988, and all other permissible relief. Plaintiff does not seek punitive damages against the County.

**Count V — Tennessee Common-Law Assault and Battery**

**Against Wright in His Individual Capacity**

59. Plaintiff incorporates by reference Paragraphs 1–32

60. Wright intentionally caused Plaintiff to anticipate harmful or offensive contact and intentionally made harmful and offensive physical contact with Plaintiff without Plaintiff's consent.

61. Wright's acts included placing his hands under Plaintiff's shirt, choking Plaintiff, restraining Plaintiff's head and body, and touching Plaintiff's breast area under her shirt and bra.

62. Wright's conduct constituted assault and battery under Tennessee law and directly and proximately caused Plaintiff's physical injuries, pain and suffering, emotional distress, mental anguish, and other damages to be proven at trial.

63. Wright's conduct was intentional, malicious, willful, wanton, and reckless. Plaintiff seeks compensatory damages, punitive damages, pre- and post-judgment interest as permitted by law, costs, and all other appropriate relief.

**Count VI — Tennessee Common-Law Intentional Infliction of Emotional Distress**

**Against Wright in His Individual Capacity**

64. Plaintiff incorporates by reference Paragraphs 1–32.

65. Wright intentionally or recklessly engaged in conduct so outrageous that it is not tolerated by civilized society, including the alleged sexual assault and strangulation of Plaintiff in her workplace after repeated unwanted sexual comments and touching.

66. Wright knew, or should have known, that his conduct would cause Plaintiff severe emotional distress.

67. Plaintiff suffered serious emotional distress, mental anguish, and related damages as a direct and proximate result of Wright's conduct.

68. Plaintiff seeks compensatory damages, punitive damages, pre- and post-judgment interest as permitted by law, costs, and all other appropriate relief.

**Damages and Relief Requested**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendants as follows:

1. Award Plaintiff compensatory damages in an amount to be determined at trial for physical injury, pain and suffering, emotional distress, mental anguish, loss of enjoyment of life, and all other compensable losses;

2. Award Plaintiff punitive damages against Wright, Sheriff Russell, and Chief Deputy Cothron as permitted by law;

3. Award Plaintiff declaratory and injunctive relief as permitted by law;

4. Award Plaintiff reasonable attorney's fees and costs, including under 42 U.S.C. § 1988, and Tenn. Code Ann. § 4-21-311;

5. Award prejudgment and post-judgment interest as permitted by law; and

7. Grant Plaintiff such other and further relief as the Court deems just and proper.

**Jury Demand**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted this 3rd day of September 2026

***‘/s/’Patrick L. Looper***
Patrick L. Looper, BPR #020857
First Horizon Plaza
800 S. Gay Street, Suite 700
Knoxville, Tennessee 37929
looperlaw@gmail.com

**Mailing address:** 308 Owl Drive, Lebanon, Tennessee 37087

Attorney for Plaintiff Holly Pilewicz